# EXHIBIT A

1  Eugene S. Thompson, State Bar No. 144779
   THOMPSON LAW, APC
2  9655 Granite Ridge Drive, Suite 200
   San Diego, California 92123
3  (619) 528-2303/ FAX: 858-717-8001

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

1/12/2024 1:14 PM

By: Jocelin Acosta, DEPUTY

5  Attorney for Plaintiff

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                       COUNTY OF SAN BERNARDINO

11 KELLY LOMBARD,              )    CASE NO. CIVSB2402835
                               )
12                             )    COMPLAINT FOR DAMAGES
                               )
13                             )
             Plaintiff,        )
14                             )
                               )
15 FLIXBUS, INC., a Delaware   )
   corporation and DOES 1 through )
16 100, inclusive              )
                               )
17                             )
             Defendants.       )
18                             )
                               )
19                             )
                               )
20

21                      FIRST CAUSE OF ACTION
22                          **(Negligence)**

23   1. Plaintiff KELLY LOMBARD ("LOMBARD"), is an individual and is now, and at all
24 times mentioned in this Complaint was, a resident of San Diego County, California.

25   2. At all times herein mentioned, Defendant FLIXBUS, INC. ("FLIXBUS") was the owner
26 and operator of bus transportation company in business in Southern California.  FLIXBUS is a
27 corporation organized and existing under the laws of the State of Delaware and doing business in
28 the State of California and permitted and qualified to do business in the State of California, County

1  and City of San Bernardino.  As the owner and operator of a business transportation company,
2  FLIXBUS is considered a common carrier under California law and at all times had a duty to carry
3  passengers safely.

4      3.  Each and every act and event complained of herein took place in the County of San
5  Bernardino, State of California.

6      4.  LOMBARD is ignorant of the true names and capacities of Defendants sued herein as
7  Does 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names pursuant
8  to Code of Civil Procedure Section 474.  LOMBARD is informed and believes and thereon alleges
9  that each of the fictitiously named Defendants is maliciously, intentionally, willfully and/or
10  negligently responsible in some manner for the occurrences herein alleged and that their acts and
11  omissions proximately caused the herein described injuries and damages to LOMBARD and
12  LOMBARD prays leave to amend this Complaint to set forth such true names and capacities when
13  the same have been ascertained.

14      5.  LOMBARD is informed and believes and thereon alleges that Defendants, and each of
15  them, were the agents, servants, employees and joint venturers of each of the other Defendants, and
16  was at all times acting within course and scope of said agency, employment and joint venture and
17  each Defendant has knowingly accepted and ratified the acts and omissions of each of the other
18  Defendants.

19      6.  On September 24, 2022, LOMBARD was a ticketed passenger on a FLIXBUS heading
20  from San Diego, California to Las Vegas, Nevada.  LOMBARD was sitting in the 10th row of the
21  FLIXBUS when it began to make a left turn onto the highway when it rear-ended a small black
22  automobile with California License No. 6WIW736.  The collision caused LOMBARD to go
23  forward and she struck her head forcibly on the back of the seat in front of her which had a hard
24  table connected.  LOMBARD reported her injury to the FLIXBUS driver and the FLIXBUS
25  continued to Las Vegas, Nevada.  On September 26, 2022, LOMBARD reported the accident and
26  her injury to FLIXBUS which assigned her claim No. 27313012.

27      7.  At that time and place, FLIXBUS negligently operated and controlled the subject bus so
28  as to cause it to collide with an automobile  resulting in LOMBARD sustaining injuries.

1    8. Because of the negligence of FLIXBUS and as a proximate result thereof, LOMBARD sustained emotional and physical injuries, all of which has caused, continues to cause and will cause her great physical and mental pain and suffering, all to her damage.

9. LOMBARD was reasonably required to and did incur medical and incidental expenses for the examination, treatment and care of these injuries, the exact amount of which is unknown at this time. LOMBARD is informed and believes, and therefore alleges, that LOMBARD will in the future be reasonably required to incur similar obligations.

10. LOMBARD has lost wage benefits and has sustained an injury to and an impairment of present and future earning capacity and the ability to engage in gainful occupation and has thereby suffered damages.

WHEREFORE, LOMBARD demands judgment from FLIXBUS for:

1. General damages according to proof at trial;
2. For medical and related expenses according to proof at trial;
3. For loss of earnings and impairment of earning capacity according to proof at trial;
4. For damages of pain and suffering according to proof at trial;
5. Costs of suit herein; and
6. Such other and further relief as this court may deem just and proper.

DATED: January 5, 2024                THOMPSON LAW, APC.


                                      /s/Eugene S. Thompson
                                      _____
                                      EUGENE S. THOMPSON, ESQ.
                                      Attorneys for Plaintiff
                                      KELLY LOMBARD

- 3 -